# IN THE UNITED STATES DISTRICT COURT
# FOR THE WESTERN DISTRICT OF NORTH CAROLINA
# ASHEVILLE DIVISION
# Civil Case No. 1:11-cv-00282-MR
# [Criminal Case No. 1:07-cr-00011-MR-1]

| | |
|---|---|
| MICHAEL N. ROBINSON, )<br>)<br>Petitioner, )<br>)<br>vs. )<br>)<br>UNITED STATES OF AMERICA, )<br>)<br>Respondent. )<br>_____ ) | **MEMORANDUM OF**<br>**DECISION AND ORDER** |

**THIS MATTER** comes before the Court on consideration of Petitioner's motion to vacate his conviction of being a felon-in-possession of a firearm in violation of 18 U.S.C. § 922(g). Petitioner contends that he is actually innocent of the § 922(g) offense because he does not have a prior North Carolina conviction which subjected to him in excess of one year in state prison. The Government has filed a response to the § 2255 motion and agrees that Petitioner is entitled to relief and that his § 922(g) conviction should be vacated.

**I.     FACTUAL AND PROCEDURAL BACKGROUND**

On February 6, 2007, Petitioner was charged by the grand jury in this district with one count of being a felon-in-possession of a firearm, in violation of 18 U.S.C. § 922(g)(1), after having been convicted of a North

Carolina felony in Rutherford County. [Criminal Case No. 1:07-cr-00011, Doc. 1: Indictment]. Petitioner entered into a written plea agreement with the Government and agreed to plead guilty to the § 922(g) offense. [Id., Doc. 10: Plea Agreement]. Petitioner appeared before the U.S. Magistrate Judge and he admitted that he was in fact guilty of the § 922(g) charge. The court accepted Petitioner's plea of guilty after finding that it was both knowingly and voluntarily entered. [Id., Doc. 12: Acceptance and Entry of Guilty Plea]. In advance of Petitioner's sentencing hearing, the probation office prepared a presentence report ("PSR") and therein identified Petitioner's prior state conviction which the grand jury found was a predicate felony conviction to support the § 922(g) charge. The prior conviction was for possession with intent to sell or deliver cocaine and was sustained in Rutherford County Superior Court in North Carolina on August 22, 2001. Petitioner was sentenced by the state court to a suspended term of 5 to 6 months' imprisonment. This term was later activated and Petitioner served his full sentence. [Id., Doc. 22: PSR ¶ 30].

On October 2, 2007, Petitioner appeared with counsel for his sentencing hearing and his guilty plea was affirmed and accepted by the district court, the Honorable Lacy H. Thornburg presiding. Petitioner was sentenced to a term of 84-months' imprisonment for his § 922(g) conviction

2

and he did not appeal. [Id., Doc. 15]. Petitioner is presently incarcerated in the Federal Bureau of Prisons.

On October 24, 2011, Petitioner filed a pro se motion to vacate under 28 U.S.C. § 2255 contending that he is actually innocent of the § 922(g) conviction because his 2001 state conviction for the possession of cocaine with intent to sell and deliver did not subject him to a sentence in excess of one year. In fact, Petitioner, in his *pro se* motion, as supplemented by counsel, contends that he could not have been sentenced to more than one year under North Carolina's Structured Sentencing Act ("SSA") because he did not have sufficient criminal history points. The Government has filed a response and notes its agreement with the Petitioner's argument.

## II. STANDARD OF REVIEW

Pursuant to Rule 4(b) of the Rules Governing Section 2255 Proceedings, sentencing courts are directed to promptly examine motions to vacate, along with "any attached exhibits and the record of prior proceedings" in order to determine whether a petitioner is entitled to any relief. The Court has considered the record in this matter and applicable authority and concludes that this matter can be resolved without an

3

evidentiary hearing. See Raines v. United States, 423 F.2d 526, 529 (4th Cir. 1970).

## III. DISCUSSION

At the time of Petitioner's conviction, it was supported by existing law. His prior state court conviction for cocaine possession was a felony that served as an adequate predicate for a charge under § 922(g)(1), because a hypothetical defendant with the most serious criminal history convicted of such crime could have been sentenced to a term of incarceration in excess of one year. See United States v. Harp, 406 F.3d 242 (4th Cir. 2005). Four years after Petitioner's conviction under § 922(g)(1), the Court of Appeals overruled Harp and held that a prior conviction could only serve as a predicate felony for a § 922(g)(1) charge if the *particular* defendant being sentenced could have received a sentence of incarceration exceeding one year. United States v. Simmons, 649 F.3d 247 (4th Cir. 2011). This ruling gives rise to Petitioner's claim. The question remained, however, whether Simmons was retroactive to earlier convictions, such as Petitioner's, on collateral review. The Court of Appeals recently determined in United States v. Miller, 735 F.3d 141, 144-45 (4th Cir. 2013), that Simmons is retroactive.

In the present case, Petitioner's 2001 state drug conviction, while deemed a felony under North Carolina law, did not subject Petitioner to more than one year in prison. Accordingly, the indictment, as now made clear by Miller, erroneously charged Petitioner as a *felon* in possession of a firearm. As noted in his PSR, Petitioner was sentenced to 5 to 6 months in the North Carolina Department of Corrections and the parties agree that he never faced more than one year in prison on that 2001 conviction based on his prior criminal record. [Doc. 11: Government's Response].

Notwithstanding the apparent merits of Petitioner's arguments, his motion pursuant to 28 U.S.C. § 2255 would appear to be untimely. His judgment became final in October 2007. He had one year from that date to file his § 2255 action. 28 U.S.C. § 2255(f). He did not, however, file his Petitioner until October 24, 2011, some three years past the deadline. In its response, the Government, while able to plead the one-year limitation defense under § 2255(f), has specifically waived this affirmative defense and contends that Petitioner is actually innocent of the § 922(g) offense and argues that Petitioner's § 922(g) conviction should be vacated. [Doc. 11]. The Court observes that if the Government chooses to intentionally waive this defense then a district court is not simply free to ignore such a decision. See Wood v. Milyard, 132 S.Ct. 1826, 1834-35 (2012) ("[W]aiver

is the 'intentional relinquishment or abandonment of a known right.'" (quoting Kontrick v. Ryan, 540 U.S. 443, 458, n.13 (2004) (internal citation omitted). Accordingly, the Court will proceed to consider the merits of Petitioner's claim and the Government's response thereto.

As the parties have agreed, and the Court so finds, Petitioner did not have a prior North Carolina conviction which qualified as a felony under federal law. Therefore, his § 922(g) conviction, in light of the Fourth Circuit's holdings in Simmons and Miller, is no longer supported by a predicate felony under federal law and he is entitled to have his § 922(g) conviction vacated.

## ORDER

**IT IS, THEREFORE, ORDERED** that:

1. Petitioner's motion to vacate his conviction under 18 U.S.C. § 922(g), as supplemented [Docs. 1, 5], is **GRANTED**, and his § 922(g) conviction and sentence are hereby **VACATED** and this criminal action is **DISMISSED**.

2. Petitioner's supplemental claims for relief pursuant to 28 U.S.C. § 2241, and pursuant to petitions for a writ of *coram nobis* and *audita querela* are **DENIED** as moot.

3. Petitioner is ordered to be released from the Federal Bureau of Prisons within ten (10) days from entry of this Order.

4. The Clerk of Court is directed to certify copies of this Order to the Federal Defenders of Western North Carolina, the U.S. Attorney for this district, the U.S. Marshals Service, the U.S. Probation Office, and the Federal Bureau of Prisons.

**IT IS SO ORDERED.**   Signed: January 14, 2014

Martin Reidinger
United States District Judge